**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

INTERNATIONAL PAINTERS AND ALLIED
TRADES INDUSTRY PENSION FUND
TIM D. MAITLAND, in his official capacity as a fiduciary,
FINISHING TRADES INSTITUTE
F/K/A INTERNATIONAL UNION OF PAINTERS
AND ALLIED TRADES JOINT APPRENTICESHIP
AND TRAINING FUND,
POLITICAL ACTION TOGETHER FUND, and
PAINTERS AND ALLIED TRADES LABOR
MANAGEMENT COOPERATION INITIATIVE
7234 Parkway Drive
Hanover, MD 21076

Plaintiffs,

v.

KOSSON GLASS, INC.
a/k/a KOSSON ARCHITECTURAL ALUMINUM
& GLASS, INC.
285 Howe Avenue
Passaic, NJ 07055

Defendant.

CIVIL ACTION NO.

**COMPLAINT IN CONFESSION OF JUDGMENT**

Plaintiffs, by undersigned counsel, complain about Defendant as follows:

**JURISDICTION**

1. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §§ 185(a), 1132, 1145 and/or 1332.

**VENUE**

2. Venue lies in the District Court of Maryland are under 29 U.S.C. §§ 185(a), 1132(e)(2) and/or 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff International Painters and Allied Trades Industry Pension Fund ("Fund" or "Pension Fund") is a trust fund established under 29 U.S.C. § 186(c)(5). The Pension Fund is also known as and referenced as the "Industry Pension and Annuity" in the Labor Agreements relating to this complaint. Its Trustees are the "named fiduciary," "plan administrator" and "plan sponsor" and each is an individual "fiduciary," within the meaning of 29 U.S.C. §§ 1102(a), 1002(16), (21), for the International Painters and Allied Trades Industry Pension Plan ("Pension Plan") and International Painters and Allied Trades Industry Annuity Plan ("Annuity Plan").

4. The Pension Plan is a "multiemployer plan," "employee benefit plan" and "employee benefit pension plan" within the meaning of 29 U.S.C. §1002(37), (2) and (3) which is administered and has its principal place of business in this district at the address for the Fund in the caption of this Complaint. The Pension Plan is also known as and referenced as the "IUPAT Industry Pension Plan" in the Labor Agreements relating to this complaint.

5. The Annuity Plan is a "multiemployer plan," "employee benefit plan" and "employee benefit pension plan" within the meaning of 29 U.S.C. §1002(37), (2) and (3) which is administered and has its principal place of business in this district at the address for the Fund in the caption of this Complaint. The Annuity Plan is also known as and referenced as the "IUPAT Industry Annuity Plan" in the Labor Agreements relating to this complaint.

6. Plaintiff, Tim D. Maitland ("Maitland") is a fiduciary of the Funds within the meaning of 29 U.S.C. § 1002(21) with respect to collection of contributions due the Funds and related matters. He has a business address as listed in the caption and is authorized to bring this action on behalf of all Trustees of the Fund and the Funds as organizations.

7. The Fund and Maitland are authorized collection fiduciary(ies) and agent(s) for:

(a) the Pension Plan,

(b) the Annuity Plan,

(c) the Finishing Trades Institute f/k/a International Union of Painters and Allied Trades Joint Apprenticeship and Training Fund ("FTI"), and

(d) the Ancillary Funds identified below.

8. FTI is a trust fund established under 29 U.S.C. § 186(c)(5) and is a "multiemployer plans" and "employee benefit plan" and "employee welfare benefit plan" within the meaning of 29 U.S.C. §§ 1002(37), (1), and (3). The FTI maintains its principal place of business and is administered from an office in this district and is also known as and referenced as the "Apprenticeship" Fund in the Labor Agreements relating to this complaint.

9. The Painters and Allied Trades Labor Management Cooperation Initiative ("LMCI"), which is an entity that performs certain employer association functions, but is also an unincorporated organization established under 29 U.S.C. § 186(c)(9).

10. The Political Action Together Fund, which includes the Political Action Together – Legislative and Educational Committee and Political Action Together – Political Committee (jointly or severally, "PAT Fund"), which is an unincorporated association or fund established pursuant to 2 U.S.C. § 431 et seq. by the International Union of Painters and Allied Trades for the purpose of advancing the political interests of its members by lawfully influencing the selection, nomination, election and/or appointment of individuals for political office. The PAT Fund is also known as and referenced as the "IUPAT Political Action Together" in the Labor Agreements relating to this complaint.

11. The PAT Fund and LMCI are jointly or severally referenced as "Ancillary Funds" and maintain their principal place of business and are administered from an office in this district.

12. The Fund and Maitland, in their capacity as authorized collection fiduciary(ies) and agent(s) sue on behalf of the Pension Plan, the Annuity Plan, FTI, LMCI and the PAT Fund.

13. The Fund, Pension Plan, Annuity Plan, FTI and, as allowed by law, LMCI, are jointly or severally referenced as the "ERISA Funds." The ERISA Funds, LMCI and PAT Fund are hereinafter jointly or severally referenced as the "Funds." The Funds and Maitland are hereinafter jointly or severally referenced as "Plaintiffs."

14. Defendant, Kosson Glass, Inc., a/k/a Kosson Architectural Aluminum & Glass, Inc. ("Company") is a New Jersey corporation and an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§ 152(2), (6) and (7), 1002(5), (11) and (12) with a business office at the address listed in the caption. The Company does business with the Fund that is sufficient to create personal jurisdiction over the Company in this district and a substantial part of the events or omissions giving rise to the claim occurred from transactions with the Funds' office(s) in this district.

**COMMON FACTS**

15. Company was bound to collective bargaining agreement(s) ("Labor Contract") with International Union of Painter and Allied Trades, District Council 711 ("Union") requiring the payment of fringe benefits contributions and wage deductions to International Painters and Allied Trades Industry Pension Fund ("Fund" or "Pension Fund") for hours worked or wages earned by covered workers. A true and correct copy of the Labor Contract Signature Page is attached as Exhibit 1.

16. Defendant failed to remain current to the Fund under the Labor Contract and accrued a delinquency of $873,836.15 ("Total Debt").

17. On July 18, 2016, Defendant executed an Amended Settlement Agreement ("Agreement"), Promissory Note ("Note") and Warrant of Attorney to Confess Judgment ("Warrant"), wherein the Plaintiffs agreed to conditionally waive a portion of the Total Debt in the amount of $167,675.84 if Company complied with the terms of the Agreement, leaving balance of

$706,160.31 ("Settlement Sum"). True and correct copies of the Agreement, Note and Warrant are attached hereto as Exhibits 2, 3 and 4.

**COUNT I – DEFAULT ON NOTE**

18. Paragraphs 1 through 17 are incorporated by reference as if fully restated.

19. Plaintiffs received a total of $49,000.00 of installment payments pursuant to the Agreement.

20. Defendant breached the terms of the Agreement by failing to remain current in its submission of monthly remittance reports and contributions pursuant to paragraphs 4 and 6(b) of the Agreement.

21. On October 31, 2016, Plaintiffs' counsel mailed a Notice of Default and Right to Cure to Defendant by regular First Class Mail and Certified Mail. The Notice was presumptively received by First Class Mail on November 3, 2016, under the terms of the Agreement. The Certified Mail remains at the United States Post Office in Passaic awaiting pick-up as of November 17, 2016. See Exhibit 5. Pursuant to the terms of the Agreement, Defendant had ten (10) days from the date the Notice was received in which to cure this default.

22. As of the date of this filing, Defendant has failed to cure the breach pursuant to the terms of the Agreement.

23. Pursuant to the Warrant, the Plaintiffs are entitled to confess judgment on the Note without further demand.

24. As an additional consequence of the default, the Funds revoked the conditional waiver in the amount of $167,675.84.

25. After applying all installment payments received by the Funds, $841,939.27 remains due under the Agreement and Note, which includes amortized interest of $17,103.12 through November 30, 2016. The calculation is attached as Exhibit 6.

26. Judgment has not previously been entered on the Note in any jurisdiction.

**WHEREFORE** the Plaintiffs demand judgment against the Defendant Kosson Glass, Inc., a/k/a Kosson Architectural Aluminum & Glass, Inc. in the sum of $841,939.27.

Respectfully submitted,

Date: November 22, 2016

/s/ Judith Sznyter

JUDITH SZNYTER
Bar No. 29743
Jennings Sigmond, P.C.
1835 Market Street, Suite 2800
Philadelphia, PA 19103
jsznyter@jslex.com
Phone: (215) 351-0641
Fax: (215) 922-3524

Attorney for Plaintiffs