**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND, *et al.*, | * * * * * | |
| Plaintiffs, | * * | |
| v. | * * | Case No.: MJG-16-3775 |
| KOSSON GLASS, INC. | * * | |
| Defendant | * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## REPORT AND RECOMMENDATIONS

This Report and Recommendations addresses the Complaint in Confession of Judgment that Plaintiffs, International Painters and Allied Trade Industry Pension Fund ("Fund")[1] filed against Defendant Kosson Glass, Inc. ("Kosson"). [ECF No. 1]. On November 28, 2016, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302, Judge Garbis referred this case to me to review Plaintiffs' Complaint in Confession of Judgment and to issue a Report and Recommendations. [ECF No. 4]. For the reasons stated herein, I recommend that the Clerk of the Court enter the confessed judgment.

Local Rule 108.1.a requires that a plaintiff seeking entry of a confessed judgment file a complaint, accompanied by:

1. the written instrument that

    (a) authorizes the confessed judgment; and

---

[1] In addition to the Fund, the Complaint also identifies Tim D. Maitland, Finishing Trades Institute, Painters and Allied Trades Labor Management Cooperation Initiative, and Political Action Together Fund as plaintiffs in this action. Compl., [ECF No. 1 at 2-3].

>     (b) entitles the plaintiff to a claim for liquidated damages;
>
> 2. an affidavit of the plaintiff or someone on behalf of the plaintiff, stating:
>
>     (a) the circumstances under which the defendant executed the written instrument;
>
>     (b) the age and education of the defendant, if known;
>
>     (c) the amount due under the written instrument; and
>
>     (d) the defendant's post office address (including the street address if needed to effect mail delivery).
>
> The Court may direct the entry of judgment upon a finding that the documents attached to the Complaint prima facie establish:
>
> 1. the defendant's voluntary, knowing, and intelligent waiver of:
>
>     (a) the right to notice; and
>
>     (b) a prejudgment hearing on the merits of the plaintiff's liquidated damages claim; and
>
> 2. the plaintiff's meritorious claim for liquidated damages against the defendant.

Loc. R. 108.1.b.

## I. WRITTEN INSTRUMENTS AUTHORIZING THE CONFESSION OF JUDGMENT AND SUPPORTING AFFIDAVIT

Plaintiff attached to its Complaint several documents constituting "written instrument[s] authorizing the confessed judgment and entitling Plaintiff to a claim for liquidated damages." *See* Loc. R. 108.1.a. Plaintiff also attached the affidavit ("Affidavit") of its counsel, Judith Sznyter. Sznyter Aff., [ECF No. 1-9]. The Affidavit states the amounts due under the written instruments. Specifically, the Affidavit states that $841,939.27, including principal and interest, is due under the Promissory Note. *Id.* at ¶ 3-4 (incorporating Promissory Note, [ECF No. 1-5]).

*See also* Default Calculation, [ECF No. 1-6] (reflecting principal debt and interest accrued through November 30, 2016). The Affidavit references how the amount due under the Promissory Note was determined; the default calculation reflects Kosson's total debt, installment payments received by the Fund, and a schedule of amortized interest. *Id.* at ¶ 5 (incorporating Default Calculation, [ECF No. 1-8]). Additionally, the Affidavit provides Kosson's mailing address. *Id.* at ¶ 6. I find that the Complaint and its accompanying documents substantively meet the requirements of Local Rule 108.1.a. A discussion of the written instruments authorizing a confession of judgment against Kosson follows.

### A. AMENDED SETTLEMENT AGREEMENT

Plaintiff attached an Amended Settlement Agreement ("Agreement") dated July 1, 2016. [ECF No. 1-4]. The Agreement was executed by Corrine Koch, as Fund Administrator of the Fund's Board of Trustees, and David Perilstein, as owner and president of Kosson, on July 22, 2016 and July 18, 2016, respectively. *Id.* at 9. *See also,* Labor Contract Signature Page, [ECF No. 1-3] (identifying Perilstein as owner and president of Kosson). In case of breach, the Agreement authorizes the Fund to "take whatever actions it considers reasonably appropriate to collect all amounts owed to it by [Kosson]. The Fund can recover the balance of the Total Debt as of the date of default plus interest of four percent (4%) APR compounded monthly. In addition, the Fund can recover all attorneys' fees and costs and related collection costs …" Agreement, [ECF No. 1-4 at ¶ 6]. Furthermore, if Kosson "does not cure the breach within the allotted [ten (10) day] grace period, the Fund will have the right to immediately take action upon the Amended Promissory Note and Amended Confession of Judgment, or take any other action it deems appropriate." *Id.* at ¶ 7. In addition, "[a]n affidavit executed by counsel for the [Fund] … shall constitute conclusive proof of a claim for and the amount of any sums due to the [Fund] as

delinquent contributions, interest, liquidated damages, late charges, administrative costs, attorneys' fees and costs, in the event that judicial enforcement of this Amended Agreement becomes necessary." *Id.* at ¶ 8. Lastly, the Agreement obligates the Fund to provide Kosson with written notice of default and its right to cure, which "may be satisfied by mailing the notice by first class mail" to Mr. Perilstein at Kosson's address of record in Passaic, New Jersey. *Id.* at ¶ 9.

Consistent with the Agreement, the Fund notified Kosson of its alleged breach and right to cure on October 31, 2016 by first class mail. *See* USPS Tracking Confirmation, [ECF No. 1-7]. Following the lapse of the grace period, the Fund filed the instant Complaint, along with an affidavit by counsel specifying the basis for the Fund's claim for confessed judgment and sum of debt owed with interest. *See* Compl., [ECF No. 1]; Sznyter Aff., [ECF No. 1-9].

### B.  PROMISSORY NOTE

The Fund attached a Promissory Note dated July 1, 2016. [ECF No. 1-5]. The Affidavit states that the Promissory Note "authoriz[es] the confession of judgment against the Defendant." Sznyter Aff., [ECF No. 1-9]. Mr. Perilstein executed the Promissory Note on behalf of Kosson on July 18, 2016. Promissory Note, [ECF No. 1-5 at 2]. The Promissory Note identifies a principal sum in the amount of $873,836.15, together with a four percent interest rate compounded monthly, that Kosson agreed to pay the Fund. *Id.* at 1. The Promissory Note contains a confession of judgment provision that "upon the occurrence of a default [described in paragraph six (6) of the Agreement]… irrevocably authorizes … any attorney … to appear for [the Fund] in the Northern District of Maryland, at any time before or after maturity and confess a judgment without process in favor of any holder of this Note, with or without the filing of an averment or declaration of default, for such amount as may appear to be unpaid thereon, together

with charges, costs, attorneys' fees and interest[.]" *Id.* The Promissory Note concludes with the following "WARNING":

> By signing this paper you give up your right to notice and court trial. If you do not pay on time, a court judgment may be taken against you without your prior knowledge and the powers of a court can be used to collect from you regardless of any claims you may have against the Fund whether for returned goods, faulty goods, failure on its part to comply with the agreement, or any other cause.

*Id.* at 2.

### C.  WARRANT OF ATTORNEY TO CONFESS JUDGMENT

The Fund attached a Warrant of Attorney to Confess Judgment, signed and dated by Mr. Perilstein, reiterating Kosson's promise to pay under the Agreement and Promissory Note and waiver of rights to notice and court trial in case of default. Default Calculation, [ECF No. 1-6].

### II.   ENFORCEABILITY OF CONFESSED JUDGMENT

Evidence suggests that Kosson voluntarily, knowingly, and intelligently entered into the Agreement. Although his age is not specified in the Affidavit, Mr. Perilstein, as owner and president of Kosson, was presumptively an adult and a sophisticated business person at the time he executed the Agreement. *Id.* at 9. *See also,* Labor Contract Signature Page, [ECF No. 1-3]. These facts are sufficient to meet the requirement that a confessed judgment be voluntary, knowing, and intelligent. *See, e.g.*, *Atlantic Leasing & Financial, Inc. v. IPM Technology, Inc.*, 885 F.2d 188, 192 (4th Cir. 1989) (finding the defendant voluntarily, knowingly, and intelligently assented to a confessed judgment provision in a guaranty agreement where the defendant's board of directors authorized its officers to enter into the agreement despite lack of review by legal counsel and lack of evidence that the provision was bargained for specifically); *Orlando Residence, Ltd. v. Hilton Head Hotel Investors*, No. 9:89-cv-0662, 2013 WL 1103027, at *7 (D.S.C. Mar. 15, 2013) (finding that the defendant, a sophisticated businessman,

5

knowingly, voluntarily, and intelligently entered into a settlement agreement that contained a confessed judgment provision, where the defendant and his counsel initialed every page of the agreement).  The Confession of Judgment is therefore enforceable against Kosson.

## III.     DAMAGES

Pursuant to the confessed judgment provisions in the Agreement and Promissory Note, the Fund seeks $841,939.27, representing the amount of principal and interest due as of November 30, 2016.  Sznyter Aff., [ECF No. 1-9 at ¶ 4].  The Promissory Note's confessed judgment provision allows the Fund to recover a "reasonable" sum of attorney's fees and costs.  Promissory Note, [ECF No. 1-5 at 1].  In its Complaint, however, the Fund does not ask the Court to collect attorney's fees and costs.  Nor does the Fund ask the Court to grant other relief as it deems fit.  Consequently, I recommend that the Court direct the Clerk to enter the confessed judgment against Kosson in the amount of $841,939.27, plus costs of suit and pre-judgment and post-judgment interest.  No attorney's fees and costs will be awarded.

I further direct the Clerk to ensure that notice of this Report and Recommendations is provided to Kosson as follows, pursuant to Local Rule 108.1.c:

KOSSON GLASS, INC.
285 Howe Avenue
Passaic, NJ 07055

The parties have fourteen (14) days to file objections to this Report and Recommendations, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5.b.

Dated: December 21, 2016                    /s/
                                             Stephanie A. Gallagher
                                             United States Magistrate Judge